UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMIE "GEM" THOMPSON,<br><br>        Plaintiff,<br><br>vs.<br><br>COSMOPROF INC.,<br><br>        Defendant. | Case No.: 2:25-cv-00079-APG-EJY<br><br>**Order Granting in Part Motion for Default Judgment**<br><br>[ECF No. 10] |

   Jamie Thompson moves for default judgment. ECF No. 10.  Default has been entered against Cosmoprof Inc. ECF No. 8.  The motion satisfies the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986) for most of the relief requested.  Thompson is entitled to back pay in the amount of $14,864.00, compensatory damages for her emotional distress in the amount of $2,500.00, and punitive damages under 42 U.S.C. §1981a(b)(1) in the amount of $10,000.00.

   However, I deny Thompson's request for attorney fees as those are not adequately supported in the motion.  Local Rules 54-14(a) and (b) require that a motion for attorney fees be supported by substantive information and an affidavit from the attorney responsible for billing. "Failure to provide the information required by subsections (a) and (b) in a motion for attorney's fees may be deemed a consent to the denial of the motion." LR 54-14(c).  In addition, the request for attorney fees must provide the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) and address the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).  Thompson's motion provides none of this information.

   For similar reasons, I deny Thompson's request for an award of her costs.  Federal Rule of Civil Procedure 54(d) contains two separate provisions for costs.  Taxable costs are taxed by

the clerk of court rather than the judge. Fed. R. Civ. P. 54(d)(1); LR 54-1. To request taxable costs, the prevailing party must file a bill of costs with the clerk. LR 54-1. The categories of taxable costs are circumscribed by 28 U.S.C. § 1920. *See also* LR 54-1. For example, filing fees and service of process expenses are taxable costs. *See* 28 U.S.C. § 1920(1). By contrast, nontaxable costs are recoverable on a motion for attorney's fees. Fed. R. Civ. P. 54(d)(2) ("claim for attorney's fees and related nontaxable expenses"); *see also* LR 54-14(a)(2) (a motion for attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-13"). Copy, postage, travel, research, and Pacer expenses are nontaxable costs. Because Thompson's motion is devoid of any of this information, I cannot evaluate whether her costs are recoverable through this motion. I therefore deny it without prejudice.

I THEREFORE ORDER that the motion for default judgment **(ECF No. 10) is granted in part**. The clerk of the court is directed to enter judgment in favor of plaintiff Jamie Thompson and against defendant Cosmoprof Inc. in the amount of $27,364.00 ($14,864.00 for back pay, $2,500.00 for emotional distress damages, and $10,000.00 for punitive damages).

I FURTHER ORDER that Thompson's request for attorney fees and costs is denied without prejudice to seeking those amounts through a proper motion and bill of costs.

DATED this 29th day of December, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE